IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELBA ARNELLE TILMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-cv-02246 KHV/JPO |
| | ) |
| PVH Corp. d/b/a TOMMY HILFIGER, | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant PVH Corp. ("Defendant" or "PVH"), by and through its attorneys, Kasowitz, Benson, Torres & Friedman LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby answers the Complaint of plaintiff Melba Arnelle Tilmon ("Plaintiff" or "Tilmon"), dated May 1, 2012 (the "Complaint"), as follows:

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the statutes cited therein. By way of further response, Defendant denies that Plaintiff's claims have any factual or legal merit.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint, except admits that PVH maintains a Tommy Hilfiger store located at 1837 Village West Parkway, Suite B-129, Kansas City, Kansas 66111.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

## ADMINISTRATIVE PROCEDURES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission and respectfully refers the Court to such charge for the contents thereof.

6. Defendant admits that Plaintiff attached to the Complaint a copy of a Notice of Right-to-Sue Letter issued by the Equal Employment Opportunity Commission dated January 31, 2012.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

## NATURE OF THE CASE

8. Defendant admits that the conduct complained of in this action involves Defendant's purported failure to promote Plaintiff, and respectfully refers the Court to Plaintiff's charge of discrimination for the allegations therein. By way of further response, Defendant denies that Plaintiff's claims have any factual or legal merit.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiff is an African American female born in 1960 and respectfully refers the Court to Plaintiff's charge of discrimination for the contents thereof.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff was employed at a Tommy Hilfiger retail store located in Kansas City, Kansas from October 29, 2005 through September 9, 2011, was promoted from a Sales Associate to a Lead Sales Associate on or about July 31, 2009, and was promoted again to a Floor Supervisor on or about September 28, 2009. Defendant further admits that the Assistant Store Manager position purportedly sought by Plaintiff was filled in June 2011 by an individual who was not previously employed by Defendant.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, except admits that Defendant is no longer committing (and has never committed) any discriminatory acts against Plaintiff.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint does not set forth any allegations against Defendant.

## REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, whether it be injunctive, declaratory, monetary, compensatory, punitive, equitable, costs and/or fees relating to this matter, or in any form sought by Plaintiff in the Complaint.

## DESIGNATION OF PLACE OF TRIAL

Defendant acknowledges Plaintiff's designation of Kansas City, Kansas as the location for the trial in this matter.

## REQUEST FOR TRIAL BY JURY

Defendant acknowledges that Plaintiff does not request a trial by jury.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every claim alleged therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every claim alleged therein, is barred in whole or in part by Plaintiff's failure to timely initiate or exhaust the administrative or statutory remedies available to her.

3

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every claim alleged therein, is barred in whole or in part to the extent that the allegations in support of the claims are not within the scope of any complaints or charges filed by Plaintiff with the Kansas State Commission on Human Rights and/or the federal Equal Employment Opportunity Commission.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she did not suffer an adverse employment decision.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any employment actions taken by Defendant with respect to Plaintiff's employment were based solely on legitimate, non-discriminatory business reasons.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

At all times relevant, Defendant had in place and continues to have in place policies expressly prohibiting all forms of discrimination, harassment and retaliation in the workplace (hereinafter, "EEO Policies").  Defendant's EEO Policies were, and continue to be, widely distributed to its employees, including Plaintiff.  The EEO Policies contain effective complaint procedures and are adhered to by Defendant.  To the extent Plaintiff experienced or believes she experienced discrimination of any kind, her claims are barred, in whole or in part, due to her unreasonable failure to avail herself of the preventative and remedial measures made available to her by Defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations

and/or the equitable doctrines of laches, waiver and/or estoppel.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The damages Plaintiff complained of, which damages are denied, were not caused by Defendant's conduct or action and are the result of Plaintiff's own conduct and are not attributable to Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages, which damages are denied, any such damages are barred and/or must be reduced on account of Plaintiff's failure to take reasonable steps to mitigate any such damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead facts necessary to sustain a claim for punitive damages or equitable relief.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice because the Defendant did not know at any relevant time that any of the alleged conduct was in violation of federal, state or local laws relating to discrimination in employment, and Defendant was not consciously indifferent to whether it violated any such laws or rights of the Plaintiff under such laws.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice because, at all times relevant to the Complaint, Defendant engaged in good-faith efforts to comply with its obligations under all applicable federal, state or local laws relating to discrimination.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon any other defense that may become available during the proceedings in this case, and hereby reserves its right to amend its Answer to assert any such defense(s) and further reserves its right to assert additional Affirmative Defenses as Plaintiff's claims are clarified in the course of this litigation.

**WHEREFORE**, having fully answered, Defendant respectfully requests that the Court:

A. Dismiss the Complaint in its entirety with prejudice;

B. Deny each and every demand and prayer for relief contained in the Complaint;

C. Award Defendant its costs and reasonable attorneys' fees; and

D. Award Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Nicole Hininger Howell
Nicole Hininger Howell, Kansas No. 77994
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
816.471.1301
816.471.1303 *(Facsimile)*
nikki.howell@ogletreedeakins.com

Daniel Turinsky (admitted pro hac vice)
Elisheva M. Hirshman (admitted pro hac vice)
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
(212) 506-1800 (Facsimile)
dturinsky@kasowitz.com
ehirshman@kasowitz.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 5th day of June, 2012, the foregoing was filed electronically with the Clerk of Court using the ECF system and a copy of same was served via Certified Mail and regular U.S. Mail to the following:

Melba A. Tilmon
3901 Nebraska Avenue
Kansas City, Kansas 66102
  **Pro Se Plaintiff**


/s/ Nicole Hininger Howell

12506520.1 (OGLETREE)